1 | MILBERG WEISS LLP
2 | JEFF S. WESTERMAN (SBN 94559)
jwesterman@milbergweiss.com
3 | ELIZABETH P. LIN (SBN 174663)
elin@milbergweiss.com
4 | CHERYL A. WILLIAMS (SBN 193532)
cwilliams@milbergweiss.com
5 | MICHIYO MICHELLE FURUKAWA (SBN 234121)
mfurukawa@milbergweiss.com
6 | One California Plaza
300 South Grand Avenue, Suite 3900
7 | Los Angeles, CA 90071
Telephone: (213) 617-1200
8 | Facsimile: (213) 617-1975

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: REMEC INCORPORATED SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | CASE NO. 04 CV 1948 JLS (AJB) <br><br>CLASS ACTION <br><br>**ORDER APPROVING CLASS NOTICE** |
|---|---|---|
| This Document Relates to: <br><br>ALL ACTIONS. | | |

CASE NO. 04 CV 1948 JM (AJB)

On November 21, 2007, the Court granted Plaintiffs' Motion for Class Certification, appointing Lead Plaintiffs John Hu and Lowell Sitton as Class Representatives and Milberg Weiss LLP as Class Counsel.

NOW, THEREFORE, the parties stipulate and request that the Court order as follows:

1. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action ("Notice") and Summary Notice of Class Action for Publication ("Summary Notice"), annexed hereto as Exhibits 1 and 2 respectively.

2. The Court approves the appointment of Gilardi & Co. LLC as the Class Notice Administrator. The Class Notice Administrator shall cause the Notice, substantially in the form annexed hereto as Exhibit 1, to be mailed, by first class mail, postage prepaid, on or before **fifteen (15) business days from the date of this Order**, to all Class Members who can be identified with reasonable effort. **Within five (5) business days from the date of this Order**, Defendants will provide the Class Notice Administrator with contact information for the transfer agent for Remec, Inc. ("Remec") and will direct the transfer agent to respond to inquiries from the Class Notice Administrator in furtherance of the Class Notice Administrator's efforts to identify and give notice to the Class. The Notice Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other person or entities who purchased Remec common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed **within seven (7) days of their receipt of the Notice**, to either forward copies of the Notice to their beneficial owners, or to provide the Notice Administrator with lists of the names and addresses of the beneficial owners, and the Notice Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice to their beneficial owners shall send a statement to the Notice Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed upon receipt by the Notice Administrator of proper documentation, for the reasonable expense of

1  sending the Notices to beneficial owners.  Lead Class Counsel shall file with the Court proof of
2  mailing of the Notice.

3       3.     The Court approves the form of the Summary Notice in substantially the form and
4  content annexed hereto as Exhibit 2 and directs that Lead Plaintiffs' Counsel shall cause the
5  Summary Notice to be published in the national edition of the *Investor's Business Daily* **within**
6  **ten (10) days of the mailing of the Notice**.  Lead Plaintiffs' Counsel shall file with the Court
7  proof of such publication of the Summary Notice.

8       4.     The form and content of the Notice, and the method set forth herein of notifying
9  the Class of the pendency of the class meet the requirements of Rule 23 of the Federal Rules of
10 Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-
11 4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process,
12 constitute the best notice practicable under the circumstances, and shall constitute due and
13 sufficient notice to all persons and entities entitled thereto.

14      5.     Class Members shall be bound by all determinations and judgments in this
15 Action, whether favorable or unfavorable, unless such persons request exclusion from the Class
16 in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such
17 request shall mail the request in written form by first class mail postmarked not later than **forty-**
18 **five (45) days after mailing to the address of the Notice Administrator designated in the**
19 **Notice**.  Such request for exclusion shall clearly indicate the name and address of the person or
20 entity seeking exclusion, must clearly state that such person or entity requests to be excluded
21 from the Class in the Remec Securities Litigation, and must be signed by such person or entity.
22 Such persons requesting exclusion should also state: the date(s), price(s), and number(s) of
23 shares of all purchases and sales of Remec common stock during the Class Period.  The request
24 for exclusion shall not be effective unless it provides the required information and is made within
25 the time stated above, or the exclusion is otherwise accepted by the Court.

26
27
28

1  Class Members requesting exclusion from the Class shall not be entitled to receive any payment
2  out of any recovery in the case.

3      Good cause appearing, the Court **GRANTS** the parties' Joint Motion to approve class
4  notice.

5      **IT IS SO ORDERED.**

7  DATED: February 12, 2008

THE HONORABLE JANIS L. SAMMARTINO
UNITED STATES DISTRICT COURT JUDGE