cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:   ) | Civil No. 04cv1948 JLS (AJB) |
|   ) | |
| REMEC, INC. SECURITIES LITIGATION,   ) | Order Granting In Part And Denying In Part |
|   ) | Defendants' Motion for Protective Orders |
| This Document Relates to:   ) | [Doc. Nos. 114, 118 and 119] |
|   ) | |
| All Actions.   ) | |
|   ) | |

Defendants', REMEC, Inc., Ronald E. Ragland and Winston E. Hickman have filed motions for protective orders seeking to limit the scope of third party subpoenas served on REMEC's financial advisor, Needham & Company LLC; Powerwave Technologies, Inc., the purchaser of REMEC's Commercial Wireless Division in 2005; and Chelton Microwave Corporation, the purchaser of REMEC's Defense & Space Division in 2005. Plaintiffs' have opposed the motions and Defendants have filed replies. Based upon the reasons set forth below, Defendants' motions for protective orders are hereby GRANTED IN PART and DENIED IN PART.

## *Background*

In this case, the Plaintiffs' allege in their Fourth Amended Complaint a violation of section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and a violation of section 20(a) of the Exchange Act. Plaintiffs' claim that between September 8, 2003 and September 8, 2004 (the "Class Period"), REMEC: 1) failed to timely write down goodwill; 2) delayed or failed to write down its excess and obsolete inventory; 3) failed to properly account for the sale of "Zero-Value Inventory"; and 4) used

flawed assumptions in performing its goodwill impairment and inventory analyses, allegedly due in part to a lack of adequate internal controls.

## *Discussion*

Pursuant to the claims set forth in the Forth Amended Complaint, Plaintiffs' served subpoenas on third parties Needham, Powerwave and Chelton. Defendants move this Court for a protective order with regard to these third party subpoenas on the grounds that the subpoenas are over broad and irrelevant to the claims and defenses alleged in this case. Plaintiffs oppose the motions on the grounds that Defendants: 1) lack standing to object to subpoenas served on these third parties; and 2) have failed demonstrate good cause for the protective orders.

### *I.  Standing*

The Plaintiffs oppose Defendants' motion on the grounds that Defendants lack standing under Rule 26 to seek a protective order because the subpoenas do not seek discovery from the Defendants and the Defendants have failed to make a claim of privilege or alleged a specific prejudice or harm. Alternatively, Defendants contend that a protective order pursuant to Rule 26(c) is warranted because the discovery sought by Plaintiff is not relevant to the claims or defenses in this case. Defendants also contend that such broad discovery will confuse the issues in this case and result in further motion practice when the Plaintiffs attempt to use such information in their case.

As a general proposition, a party lacks standing under Federal Rules of Civil Procedure Rule 45(c)(3) to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena. *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y.2004); *In re Cree Inc. Securities Litigation*, 220 F.R.D. 443 (M.D.N.C.2004). A party can move for a protective order in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information.[1] Several Courts within the Ninth Circuit, including the Southern District of

---

[1] *See Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Flor.2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C.2005) (deeming a party's motion to quash subpoenas issued to non-parties as a motion for protective order under Rule 26(c)). *See also Moon v. SCP Pool Corporation*, 232 F.R.D. 633, 636-37 (C.D. Cal.2005).

California, have recognized this sound principle of law.[2] As such, this Court finds that Defendants have standing to seek a protective order under Rule 26(c) pursuant to the third party subpoenas issued to Needham, Powerwave and Chelton.

### *II. Relevance of the Requested Discovery*

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter that is not privileged, which is relevant to the claim or defense of any party. Parties have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings. Fed. R. Civ. P. 26(b)(1). As such, the more narrow claim or defense standard applies unless good cause is shown by the party seeking the discovery to broaden the scope of discovery to the former subject matter standard.

Plaintiffs' claim that between September 8, 2003 and September 8, 2004 (the "Class Period"), REMEC: 1) failed to timely write down a goodwill; 2) delayed or failed to write down its excess and obsolete inventory; 3) failed to properly account for the sale of "Zero-Value Inventory"; and 4) used flawed assumptions in performing its goodwill impairment and inventory analyses, allegedly due in part to a lack of adequate internal controls.

Plaintiffs' contend that third parties Needham, Powerwave and Chelton possess important evidence regarding Defendants' fraud in concealing from investors the true business and financial condition of REMEC, including its impaired goodwill during the class period. Plaintiffs contend that REMEC purchased several companies before and during the class period, booking goodwill in connection with those transactions that comprised a significant portion of REMEC's publicly disclosed goodwill during the class period. At the end of the class period, REMEC disclosed a $62.4 million goodwill impairment charge, writing off approximately 96% of the Company's total recorded goodwill. Plaintiffs' argue that the information they seek is relevant valuation related documents regarding REMEC's true financial condition, value and possible asset impairment. Plaintiffs' contend that

---

[2] *See Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Assoc.*, 38 F. Supp.2d 1202, 1206 n. 3 (D. Or.1999), *rev'd on other grounds*, 218 F.3d 1085 (2000)(noting that parties have standing to challenge third party subpoenas under Rule 26(c)); *Springbook Lenders v. Northwestern Nat'l Ins. Co.*, 121 F.R.D. 679, 680 (N.D. Cal.1988)(same); *Integra Lifesciences I. Ltd. v. Merck KgAa*, 190 F.R.D. 556, 562 n. 3 (S.D. Cal.1999)(noting party has standing to seek protective order against third party discovery in violation of court order)).

documents regarding the purchase or sale of REMEC or its assets, as well as merger agreements, retention letters, and the like are both relevant and necessary in understanding the scope and methodology of valuations.

With regard to the scope of the subject matter sought in Plaintiffs' discovery requests, Defendants argue that Rule 26(b)(1) limits discovery to non-privileged matter that is relevant to any party's claim or defense, and that discovery is limited to such information unless the Plaintiffs' can establish good cause as to why they should be permitted to expand the scope of discovery beyond material relevant to the claims or defenses. Defendants' contend that their Rule 26(c) motion for protective order should be granted where the information sought is not discoverable under Rule 26(b)(1).

As a preliminary matter, the Court finds that the Plaintiffs' have failed to demonstrate good cause for the extended time periods set forth in these requests. While there is arguably grounds for extending the relevant time period beyond the class period of September 8, 2003 to September 8, 2004, Plaintiffs have failed to demonstrate good cause to do so to the extent requested. As such, the time periods set forth in these requests shall be limited to from March 8, 2003 until March 8, 2005, to allow for a six month period both before and after the class period for the requests that are found to be relevant as set forth below.

### A. Plaintiffs' Subpoenas to Chelton and Powerwave

The Plaintiffs' subpoenas to Chelton and Powerwave contain the same eight requests for production of documents, however, the relevant time period designated for the Chelton requests was January 1, 2003 through January 1, 2006 and the relevant time period designated for the Powerwave requests was June 1, 2004 through January 1, 2006.[3]

Upon review of the Plaintiffs' document requests to Chelton and Powerwave, this Court finds Request Nos. 3, 4, and 6 are overly broad and wholly unrelated to the claims or defenses in this case. Request No. 3 seeks "All notes, presentations, memorandum, correspondence, communications and

---

[3] The Chelton and Powerwave transactions are not mentioned in the 161-page Fourth Amended Complaint and all dates relating to these transactions post-date the goodwill impairment charge and the close of the class period. The only transactions mentioned in the Fourth Amended Complaint relate to Solitra, Himark, Spectrian, and Paradigm, which are all companies REMEC acquired either before or during the class period.

other documents relating to [Chelton's or Powerwave's] interaction with any REMEC officer, REMEC director, REMEC's Board of Directors or any committees thereof.  Request No. 4 seeks "All documents [Chelton or Powerwave] received from or provided to any of REMEC's financial advisors including, but not limited to, Needham and Company, LLC."  Request No. 6 seeks "All documents [Chelton or Powerwave] received from or provided to REMEC."  These requests far exceed the scope of the claims and defenses asserted in this case and the Plaintiffs' have failed to demonstrate good cause to expand the scope of discovery beyond the boundaries set forth by Rule 26(b)(1).  As such, the Court hereby GRANTS Defendants motion for protective order with regard to Request Nos. 3, 4 and 6 to Chelton and Powerwave.

Similarly, Request Nos. 1, 2, 5, 7 and 8 are also over broad as they relate to the purchase or valuation of **any** REMEC assets by Chelton or Powerwave and the specific assets that are named in these requests are outside the scope of the claims and defenses of this case.  Request No. 1 seeks: "All documents concerning any communications regarding any potential or actual merger, purchase or sale of any assets, or other corporate transactions between [Chelton or Powerwave] and REMEC."  Request No. 2 seeks: "All documents concerning all agreements relating to any potential or actual merger, purchase or sale of any assets, or other corporate transaction between [Chelton or Powerwave] and REMEC."  Request No. 5 seeks "All documents concerning [Chelton's or Powerwave's] purchase or acquisition of REMEC or any assets thereof []."  Request No. 7 seeks "All documents concerning any due diligence conducted on REMEC."  Request No. 8 seeks "All documents concerning the valuation of REMEC or any of its assets, in whole or in part, including all analyses, presentations, reports, studies, and comparisons."  These requests also far exceed the scope of the claims and defenses asserted in this case. The Court finds that the Plaintiffs' have failed to demonstrate good cause to broaden the scope of discovery beyond the claims or defenses as set forth by Rule 26(b)(1).  As such, the Court hereby GRANTS Defendants motion for protective order with regard to Request Nos. 1, 2, 5, 7 and 8 to Chelton and Powerwave.

### B. Plaintiffs' Subpoena to Needham

Plaintiffs' served a third party subpoena on Needham, Defendant REMEC's financial advisor, contains eleven (11) document requests with a time period designated for these requests of January 1,

2001 through January 1, 2006. Plaintiffs contend that these request are relevant because as REMEC's financial advisor, Needham is likely to possess relevant documents regarding the true business and financial condition of REMEC and the value of these assets when sold by REMEC. Alternatively, Defendants raise the same arguments with regard to these requests, that these requests seek information that is not relevant to the claims or defenses in this case and that the Plaintiffs' have failed to demonstrate good cause to expand the scope of discovery set forth in Rule 26(b)(1).

Upon review of Plaintiffs' documents requests issued to Needham, this Court finds Request Nos. 1, 2, 3, 7, 8, 10 and 11 are overly broad and beyond the scope of the claims and defenses in this case. Request No. 1 seeks: "All documents concerning REMEC's engagement(s) or retention(s) of Needham as REMEC's financial advisor including, but not limited to, all documents created and/or used or otherwise received from REMEC in such engagement or retention." Request No. 2 seeks: "All documents concerning meetings, communications or correspondence between Needham and REMEC, and REMEC officer or director, or REMEC's Board of Directors or any committees thereof." Request No. 3 seeks: "All presentations, memorandum, analysis or reports You provided to REMEC's Board of Directors or any committee thereof." Request No. 7 seeks: "All documents concerning REMEC's restructuring." Request No. 8 seeks: "All documents concerning the liquidation and dissolution of REMEC." Request No. 10 seeks: "All documents concerning all conferences and webcasts hosted by Needham involving REMEC, including all transcripts, notes, handouts, agenda and summaries. Request No. 11 seeks: "All reports or presentations created or issued by Needham concerning REMEC.

These requests far exceed the scope of the claims and defenses asserted in this case and the Court again finds that the Plaintiffs' have failed to demonstrate good cause to broaden the scope of discovery beyond the claims or defenses as set forth by Rule 26(b)(1). As such, the Court hereby GRANTS Defendants motion for protective order with regard to Request Nos. 1, 2, 3, 7, 8, 10 and 11 to Needham.

With regard to Request Nos. 4, 5, 6 and 9 to Needham, these requests arguably seek some relevant information when limited to the shortened time period and claims and defenses set forth above. Request No. 4 seeks: "All appraisals, analyses, valuations, financial models, reviews and other documents concerning the market value, enterprise value, or fair value of REMEC, its common stock,

and/or any of its assets or businesses, including documents reviewed, considered, created and/or used in preparing the foregoing, and documents concerning the underlying assumptions used such as the discount rate, weighted cost of capital, projections and forecasts, and numbers used to perform any of the foregoing." Request No. 5 seeks: "All documents concerning REMEC's acquisition of other companies, including but not limited to REMEC's acquisition of Pacific Microwave Corporation, Paradigm Wireless Systems, Inc., Spectrian Corporation, Himark Telecom Group Limited, Solitra (also known as ADC Mersum Oy) and/or any of their assets. This Request includes all documents relating to, among other things, the valuation of and purchase price paid for the acquired company and/or asset(s), how the acquired company and/or asset(s) performed in comparison to REMEC's business plan and objective, and the effect of the acquisition(s) on REMEC's cash flow, revenue, gross margins, and earnings. Request No. 6 seeks: "All documents concerning any potential or actual restructuring, potential or actual merger, or potential or actual sale of any assets by REMEC, including, but not limited to, REMEC's merger with and/or sale of assets to Chelton Microwave, Veritek, Inc., Spectrum Controls and/or Spectrum Microwave, Inc., Powerwave Technologies, Inc., and Wireless Holdings. This Request includes all documents relating to , among other things, the valuation of  REMEC, REMEC's stock or REMEC's assets, in whole or in part." Request No. 9 seeks: "All documents concerning any due diligence you conducted on REMEC or any corporate transaction involving REMEC, including any restructuring, merger, acquisition, or sale of assets."

To the extent that these requests also seek information outside the scope of Rule 26(b)(1), the Court finds that Plaintiffs' have failed to demonstrate good cause warranting such expansive discovery. As such, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' motion for protective order as to Request Nos. 4, 5, 6 and 9.

### *Conclusion*

For the reasons set forth above, the Court hereby GRANTS Defendants motion for protective order with regard to Plaintiffs' subpoenas and document requests to Chelton and Powerwave and GRANTS IN PART and DENIES IN PART Defendants motion for protective order with regard to Plaintiffs' subpoenas and document requests to Needham. Third Party Needham is directed to produce

//

1  //

2  all documents relevant to the claims and defenses in this case that are responsive to Request Nos. 4, 5, 6

3  and 9 for the period from March 8, 2003 until March 8, 2005.

4      IT IS SO ORDERED.

7  DATED: May 30, 2008

                                                Hon. Anthony J. Battaglia
                                                U.S. Magistrate Judge
                                                United States District Court