# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE: REMEC INCORPORATED SECURITIES LITIGATION<br><br>This Document Relates to all Actions. | CASE NO. 04-CV-1948-MMA (AJB)<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFS** |
|---|---|

The Court is reviewing the summary judgment motions filed in this class action securities fraud case. The Court requests supplemental briefs on the following topics.

(1) <u>Defendants' *Daubert* Challenges to Plaintiffs' Experts</u>

Defendants objected to the admissibility of the evidence offered by three of Plaintiffs' expert witnesses. [# 253-2; 254-3, 263, & 344] Defendants argue that the expert opinions of Blaine Nye, Andrew Minstein, and Paul Regan do not satisfy the threshold standard of admissibility. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) (district court performs gatekeeping function to determine if expert opinion is relevant, reliable, helpful, and thus admissible); *see Beyene v. Coleman Sec. Svc., Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988) (summary judgment motions must be supported by admissible evidence).

Plaintiffs opposed the "motions" on the procedural ground that they should have been calendared and filed separately pursuant to Local Civil Rule 7.1. [# 267 & 344] Plaintiffs did not respond to the legal arguments of whether the experts' opinions were admissible under the *Daubert* standard.

The Court overrules Plaintiffs' objection.  A party may object to the admissibility of evidence submitted in connection with a summary judgment motion by filing a pleading entitled "objection"; the additional use of the phrase "motion to strike" does not render the objection untimely.  *E.g.*, *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1003 (9th Cir. 2002).  Here, Defendants timely submitted their objections to specified evidence at the time they filed the relevant brief on the particular motion for summary judgment.

It would assist the Court to have Plaintiffs' position on the substance of the *Daubert* objections to expert witnesses Blaine Nye, Andrew Minstein, and Paul Regan.  Accordingly, Plaintiffs may file a "Supplemental Brief on Defendants' Objections to Plaintiffs' Expert Witnesses" on or before ***October 30, 2009 at noon***.  The brief shall address all three experts and shall not exceed 30 pages.

(2) Defendants' "New" Evidence in Reply Briefs

Plaintiffs complain that Defendants filed new exhibits with their reply briefs on the motions concerning scienter, internal controls, reliance, and loss causation.  [# 264]

When "new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond."  *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (quotations and alterations omitted).

Defendants attached the rebuttal expert report of Alan Cox on the issue of reliance and loss causation.  Defs.' Reply Br. at 7 n.9 (citing expert rebuttal report); Trippitelli Decl. [# 254-2]  The parties exchanged expert rebuttal reports in February 2009 in the midst of briefing the summary judgment motions.  *See* Decl. Regan  [# 252-1]

Defendants also attached several exhibits to their reply brief regarding falsity, including Ernst & Young work papers and excerpts from depositions, which they relied upon throughout their reply brief.  Defs.' Reply Br. at 2-9 (citing exhibits); Katsell Decl. [# 339-4]

The Court prefers to resolve the motions with full and fair briefs; therefore, it sustains this objection and will allow Plaintiffs an opportunity to respond to the evidence

1  that Defendants submitted with their reply briefs.  Plaintiffs may file a supplemental brief
2  to present their argument in relation to the exhibits that Defendants' filed with their reply
3  briefs.  The brief should be titled as "Supplemental Brief on the Evidence in Defendants'
4  Reply Briefs."  Because the exhibits are not new to the case, but were documents produced
5  in discovery, the Court <u>limits this brief to 5 pages.</u>[1]

6      Finally, Defendants failed to provide courtesy copies of those exhibits when they
7  filed their reply briefs on February 9, 2009.  **<u>The Court requests that they deliver to</u>**
8  **<u>chambers a courtesy copy of the Declarations of Noah Katsell and Gerard Trippitelli</u>**.
9  [# 253-2 & 254-2]

10 **ORDER**

11     Based upon the foregoing, the Court will allow supplemental briefs on the pending
12 motions for summary judgment.

13     (1) Plaintiffs may file a "Supplemental Brief on Defendants' Objections to
14 Plaintiffs' Expert Witnesses."  The <u>brief shall not exceed 30 pages</u> and must be filed on or
15 before ***<u>October 30, 2009 at noon</u>***.

16     (2) Plaintiffs may file a "Supplemental Brief on the Evidence in Defendants' Reply
17 Briefs."  The <u>brief shall not exceed 5 pages</u> and must be filed on or before
18 ***<u>October 30, 2009 at noon</u>***.

19     In addition, Defendants shall promptly provide a <u>courtesy copy to chambers</u> of the
20 exhibits filed in support of their reply briefs.

21     **IT IS SO ORDERED**.
22 DATED:  October 21, 2009

23                                      */s/ Michael M. Anello*
24                           Hon. Michael M. Anello
                           United States District Judge

---

27     [1]The Court notes that Plaintiffs submitted additional deposition testimony with their
28 own reply and surreply briefs on false and misleading statements; however, Defendants did not object nor request leave to respond.  [#274-2 & 321-2]